IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIMBERLY RAY, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-354-Y |
| | § | |
| W. ELAINE CHAPMAN, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Kimberly Ray, Reg. 81877-180, is a federal prisoner incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent W. Elaine Chapman is Warden of the FMC-Carswell.

#### C. PROCEDURAL HISTORY

Ray is serving a 96-month term of imprisonment for her 2005 conviction for kidnapping in Mexico. Her projected release date with good time credit is June 5, 2011. (Resp't Appendix,

Exhibit A) Ray requests the court intervene and order the Bureau of Prisons (BOP) to place her in a halfway house for the maximum twelve months of the final months of her term of imprisonment under the Second Chance Act, as she is at risk of losing her parental rights to her youngest child.

Under the Act, 18 U.S.C. § 3624(c) was amended to increase placement in a Residential Re-entry Center (RRC), also referred to as a halfway house, up to twelve months of the final months of an inmate's term of imprisonment, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). Consistent with the Act, the BOP revised its policies to require the review of inmates by a Unit Team for RRC placement 17-19 months before their projected release date. (Resp't Appendix, Exhibit A) Ray has not been reviewed for RRC placement because she is not within 17 to 19 months of her projected release date. The BOP will review Ray for RRC placement no earlier than November 2009. (*Id.*)

The government has filed a combined motion to dismiss for lack of subject matter jurisdiction, motion for summary judgment on exhaustion grounds, and a response to Ray's petition.

D. DISCUSSION

*1. Jurisdiction*

The government asserts that § 2241 provides no jurisdictional basis for this action involving a complaint about future application of the BOP's policies and regulations governing placement in a RRC and that Ray's challenge to those policies and regulations should be brought in an action under the Administrative Procedures Act. (Resp's Motion to Dismiss at 2-6)

It has been held in this division that a prisoner may utilize the provisions of § 2241 to challenge the BOP's refusal to authorize placement in a RRC. *See Santos v. Berkebile,* No. 3:08-CV-0192-D, 2008 WL 2330920 at *2 (N.D.Tex. Jun.5, 2008); *Cotton v. Tamez,* No. 4-07-CV-701-

A, 2008 WL 495843 at *3 (N.D.Tex. Feb.19, 2008) (same); *Mihailovich v. Berkebile,* No. 3:06-CV-1603-N, 2007 WL 942091 (N.D.Tex. Dallas Mar. 28, 2007) (not designated for publication). *See also Woodall v. Federal Bureau of Prisons,* 432 F.3d 235 (5th Cir. 2005) (noting confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC). Nevertheless, Ray has not yet been reviewed by BOP for early release. Thus, the relief she seeks under the Second Chance Act is premature. *See Santos,* 2008 WL 2330920 at *2 (holding claims brought by federal prisoner challenging validity of BOP regulations regarding release to a halfway house or CCC, brought more than 18 months before his projected release, were not ripe for review); *Cotton,* 2008 WL 495843 at *3 (same).

Article III of the Constitution confines federal courts to the decision of "cases" and "controversies." A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. Ripeness is a constitutional prerequisite to the exercise of jurisdiction. *Shields v. Norton,* 289 F.3d 832, 834-35 (5th Cir. 2002). At this juncture, it is mere speculation whether Ray will, in fact, be denied placement in a RRC for the full twelve-month period before her projected release date.

## II. RECOMMENDATION

The government's motion to dismiss for lack of jurisdiction should be granted to the extent Ray's petition for writ of habeas corpus should be dismissed without prejudice as unripe.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 1, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 1, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

4

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 10, 2009.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE